NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NORDOCK, INC.,**
*Plaintiff-Appellant*

v.

**SYSTEMS INC, DBA POWERAMP, DBA DLM INC., DBA MCGUIRE,**
*Defendant-Cross-Appellant*

---

2014-1762, 2014-1795

---

Appeals from the United States District Court for the Eastern District of Wisconsin in No. 2:11-cv-00118-RTR, Senior Judge Rudolph T. Randa.

---

Decided: March 17, 2017

---

JEFFREY SCOTT SOKOL, Sokol Law Office, Milwaukee, WI, for plaintiff-appellant.

PHILIP P. MANN, Mann Law Group, Seattle, WA, for defendant-cross-appellant. Also represented by TIMOTHY JOHN BILLICK; JOHN WHITAKER, Whitaker Law Group, Seattle, WA.

---

Before O'MALLEY, REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

This case returns to us on remand from the Supreme Court of the United States. *Sys., Inc. v. Nordock, Inc.*, 137 S. Ct. 589 (2016). Systems, Inc. ("Systems") sought review of our prior decision in *Nordock, Inc. v. Systems Inc.*, 803 F.3d 1344 (Fed. Cir. 2015), arguing that we erred in our interpretation of design patent damages pursuant to 35 U.S.C. § 289. The Supreme Court granted Systems' petition for a writ of certiorari, vacated our prior judgment, and remanded the case for further proceedings in light of its decision in *Samsung Electronics Co. v. Apple Inc.*, 137 S. Ct. 429 (2016).

On remand, we recalled our mandate solely with respect to design patent damages[1] and reinstated the case. Both parties filed statements urging us to take different actions. While Nordock, Inc. ("Nordock") requests that we reinstate our prior decision remanding the case to the district court for a new damages trial, Systems requests that we affirm the district court's decision denying Nordock's motion for a new trial on damages. For the reasons explained below, we vacate the jury's damages award and remand this case to the district court for further proceedings, including a new damages trial.

Section 289 provides, in relevant part, that whoever manufactures or sells "any article of manufacture to which [a patented] design or colorable imitation has been applied shall be liable to the owner to the extent of his total profit." 35 U.S.C. § 289. The Supreme Court clarified that a damages award under § 289 involves two

---

[1] We recalled the mandate only to the extent it related to the district court's assessment of design patent damages. Our decisions with respect to Systems' cross-appeal remain intact.

steps: (1) "identify the 'article of manufacture' to which the infringed design has been applied;" and (2) "calculate the infringer's total profit made on that article of manufacture." *Samsung*, 137 S. Ct. at 434. The Court then explained that the only question before it was narrow: "whether, in the case of a multicomponent product, the relevant 'article of manufacture' must always be the end product sold to the consumer or whether it can also be a component of that product." *Id*.

Looking to the statutory text, the Supreme Court concluded that the term "article of manufacture," as it is used in § 289, "encompasses both a product sold to a consumer and a component of that product." *Id*. The Court further indicated that the term "article of manufacture" is "broad enough to embrace both a product sold to a consumer and a component of that product, whether sold separately or not." *Id*. at 436. The Court declined, however, to "set out a test for identifying the relevant article of manufacture at the first step of the § 289 damages inquiry." *Id*. The Court subsequently remanded this case for further consideration in light of *Samsung*. *Sys., Inc. v. Nordock, Inc.*, 137 S. Ct. 589 (2016).

Nordock argues that we should reinstate our prior decisions: (1) finding that the district court erred in denying Nordock's motion for a new trial to assess damages pursuant to 35 U.S.C. § 289; and (2) vacating the jury's damages award and remanding for a new trial on damages. According to Nordock, Systems failed to develop or preserve at trial its assertion that the relevant "article of manufacture" is anything other than the entire dock leveler. As such, Nordock argues that we should declare that the "article of manufacture" is the entire dock leveler.

Systems submits that a new trial is not necessary because the patent at issue—U.S. Patent No. D579,754—makes clear that the "article of manufacture" is a "lip and hinge plate," not the entire dock leveler. According to

Systems, the jury found "that Systems' profits on the lip and hinge plate are less than $15 per unit." Systems' Response Regarding Continued Review at 7, *Nordock, Inc. v. Systems Inc.*, Nos. 2014-1762, -1795 (Fed. Cir. Mar. 2, 2017), ECF No. 83. Systems explains that the jury was instructed that Nordock could recover either compensatory damages or Systems' profits, not both. Systems points to testimony from its expert that: (1) a royalty was the proper form of damages; (2) $15 per unit was the appropriate amount of royalty; and (3) Systems' profits would be "less than that." *Id.* at 13. Based on this evidence, Systems argues that the district court properly declined to order a new trial.

After careful consideration, we conclude that remand for a new trial on damages remains necessary. The jury awarded Nordock $46,825 as a reasonable royalty and indicated on the verdict form that Systems' profits were $0. As we explained in our now-vacated decision, the record reveals that both the district court and the jury were confused with respect to the interplay between 35 U.S.C. § 284 and 35 U.S.C. § 289. The fact that Nordock could recover only one type of damage on each sale— either (1) Nordock's lost profits or a reasonable royalty *or* (2) Systems' profits on the relevant article of manufacture—did not absolve the jury of its obligation to determine the amount of System's total profits for purposes of determining damages under § 289. Because there was no evidence that Systems' profits were $0, we vacate the jury's damages award and remand for a new trial on damages.

On remand, the trial court will have an opportunity to revisit and restructure its jury instructions on damages to provide the jury with a clear understanding of its obligation to determine Systems' profits under § 289. The trial court will also have the opportunity to consider the parties' arguments with respect to the relevant "article of manufacture" in the first instance. And, the parties will

have the opportunity to develop the record regarding what constitutes the relevant "article of manufacture" in these circumstances—a question they could not have anticipated prior to the Supreme Court's decision in *Samsung*. Accordingly, we remand this matter to the district court for further proceedings.

**VACATED AND REMANDED**